1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DWAYNE SWEARINGTON,

                    Plaintiff,

      v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION.

                    Defendant.

_____/

CASE NO.    1:12-CV-00958-MJS (PC)

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND

(ECF NO. 1)

AMENDED COMPLAINT DUE WITHIN
THIRTY (30) DAYS

**FIRST SCREENING ORDER**

**I.**    **PROCEDURAL HISTORY**

        Plaintiff Dwayne Swearington is a state prisoner proceeding pro se and in forma

pauperis in this 42 U.S.C. § 1983 civil rights action originally filed in the United States

1

2

District Court for the Northern District of California[1] (Compl., ECF No. 1) and transferred

to the United State District Court for the Eastern District of California. (Order of

3

Transfer, ECF No. 4.)

4

The Complaint is now before the Court for screening.

5

6

**II.     SCREENING REQUIREMENT**

7

The Court is required to screen complaints brought by prisoners seeking relief

8

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

9

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

10

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

11

12

which relief may be granted, or that seek monetary relief from a defendant who is

13

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

14

any portion thereof, that may have been paid, the court shall dismiss the case at any

15

time if the court determines that . . . the action or appeal . . . fails to state a claim upon

16

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

17

Section 1983 "provides a cause of action for the 'deprivation of any rights,

18

privileges, or immunities secured by the Constitution and laws' of the United States."

19

20

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

21

Section 1983 is not itself a source of substantive rights, but merely provides a method

22

for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

23

393–94 (1989).

24

/////////

25

26

_____

27

[1] N.D. Cal. Case No. 12-cv-2012.

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**III.    SUMMARY OF COMPLAINT**

Plaintiff alleges:

The California Department of Corrections and Rehabilitation (CDCR) and medical and corrections staff violated his federal rights at an unspecified medical facility, at the California Men's Colony East (CMC), and during his current incarceration at North Kern State Prison (NKSP) as follows.

Unnamed staff at a CDCR medical facility retaliated against him by transferring him to CMC, a non-medical facility. (Compl. at 2.)

Unnamed staff at CMC caused him to have unnecessary surgery, and along with staff member Mrs. Lloyd violated unspecified CDCR policy by changing his custodial classification, terminating his medical single cell status, keeping his legal mail for up to 9 months causing loss of his United States District Court case,[2] and transferring him to NKSP in retaliation for filing a CDCR Form 22,[3] during which transfer his property and documents went missing. (Id.)

Unnamed staff at NKSP failed to honor prior medical chronos and respond to his Form 22 and unspecified prison appeal(s), discussed his confidential medical information publicly, and failed to do anything about his health problems including great pain, denying him the pain medication he requested. (Id.)

Plaintiff names the CDCR and Mrs. Lloyd, but no other specific defendants from

---

[2] Attachments to the Complaint reference <u>Dwayne Swearington v. Wedell et el.</u>, E.D.Cal. Case No. 2:06-cv-01407-GEB-EFB, wherein Judgment of dismissal for failure to prosecute entered May 10, 2011.

[3] "Inmate/Parolee Request for Interview, Item, or Service", which is a prelude to the prison appeal process. See CDCR Department Operations Manual, Chapter 5, Article 52.

1  whom he seeks relief. (Id. at 1-3.)

2      He seeks a transfer to a different CDCR facility, single cell status, an interview by

3  a representative of the Court, a criminal investigation of the above activities, and

4  injunctive relief from the danger to his life posed by improper medical attention and

5  retaliation. (Id. at 2.)

6

7  **IV.    ANALYSIS**

8      **A.    Pleading Requirements Generally**

9      To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

10 that a right secured by the Constitution or laws of the United States was violated and (2)

11 that the alleged violation was committed by a person acting under the color of state law.

12 West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

13 (9th Cir. 1987).

14

15     A complaint must contain "a short and plain statement of the claim showing that

16 the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

17 are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

18 by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct.

19 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

20 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

21 plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that

22 a defendant committed misconduct and, while factual allegations are accepted as true,

23 legal conclusions are not. Id. at 1949-50.

24

25     **B.    Federal Rule of Civil Procedure 18(a)**

26     "Fed. R. Civ. P. 18(a) [states that]: A party asserting a claim to relief as an original

27

-4-

claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

The Complaint contains a number of unrelated claims in violation of Rule 18(a). There are at least three distinct groupings of unrelated claims within Plaintiff's allegations: (1) retaliation claims arising at an unspecified CDCR medical facility against unnamed defendants, (2) retaliation, medical indifference, due process and access to courts claims arising at CMC against unnamed defendants, and (3) medical indifference and due process claims arising at NKSP against unnamed defendants.[4]

The Court will review and discuss all of Plaintiff's claims and the law applicable

---

[4] Claims against prison personnel at different facilities are generally unrelated and Plaintiff alleges no basis to reasonably infer that the three groups of claims are related.

1  thereto so that Plaintiff might evaluate which, if any, may be and should be pursued here
2  and which, if any, may be and should be pursued in different action(s).

3      Plaintiff must file a separate complaint for each unrelated claim against different
4  defendants. If he does not, all unrelated claims will be subject to dismissal.

5  **C.      Personal Participation**

6
7      To state a claim under § 1983, Plaintiff must demonstrate that each individually
8  named defendant personally participated in the deprivation of his rights. Jones v.
9  Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that
10 the term "supervisory liability," loosely and commonly used by both courts and litigants
11 alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each
12 defendant, through his or her own individual actions, violated Plaintiff's constitutional
13 rights. Id. at 1948–49. Defendants can not be held liable under § 1983 solely because of
14 their supervisory capacity.
15

16     Plaintiff sufficiently links Mrs. Lloyd to alleged rights deprivations. However, he fails
17 to name and link anyone else to the alleged rights deprivations. Plaintiff may not proceed
18 against other defendants unless he alleges facts plausibly claiming each *personally*
19 violated, or knowingly directed a violation of, his constitutional rights.
20

21 **D.      Eleventh Amendment Immunity**

22     Plaintiff alleges that Defendant CDCR violated his constitutional rights.
23     However, the Eleventh Amendment prohibits suits against state agencies. See
24 Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996).
25 The CDCR is a state agency and entitled to Eleventh Amendment immunity from suit.
26
27     Plaintiff cannot recover relief from the CDCR and should not name the CDCR in

any amended complaint.

### E.   **Eighth Amendment - Deliberate Indifference**

####    1.   Serious Medical Needs

Plaintiff alleges deliberate indifference to his serious medical needs violating his Eighth Amendment rights.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a

1
2
prisoner-patient and prison medical authorities regarding treatment does not give rise to a

[§] 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

3
4
5
6
7
8
9
10
11
12
13
14
15
       To establish that such a difference of opinion amounted to deliberate indifference,

the prisoner "must show that the course of treatment the doctors chose was medically

unacceptable under the circumstances" and "that they chose this course in conscious

disregard of an excessive risk to [the prisoner's] health." <u>See</u> <u>Jackson v. McIntosh</u>, 90

F.3d 330, 332 (9th Cir. 1996); <u>see also</u> <u>Wilhelm v. Rotman</u>, ⸺ F .3d ⸺, 2012 WL

1889786 *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed

by his unnecessary delay in implementing the prescribed treatment sufficient to plead

deliberate indifference); <u>see also</u> <u>Snow v. McDaniel</u>, ⸺ F.3d. ⸺, 2012 WL 1889774

*7 (9th Cir. May 25, 2012) (decision of non-treating, non-specialist physicians to

repeatedly deny recommended surgical treatment may be medically unacceptable under

all the circumstances).

16
17
18
       Plaintiff's allegations are conclusory and lack the factual specificity necessary for

the Court to apply the above standards. The Court is unable to discern a serious medical

need,[5] and deliberate indifference thereto.

19
20
21
22
23
       Plaintiff fails to allege facts plausibly claiming any deliberate denial, delay, or

interference in addressing his medical needs resulting in harm. The Court will give him an

opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he

must set forth sufficient facts claiming in addition to a demonstrated serious medical

24
25
26
       [5] <u>See</u> <u>McGuckin</u>, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or
patient would find important and worthy of comment or treatment; the presence of a medical condition that
significantly affects an individual's daily activities; or the existence of chronic and substantial pain are
examples of indications that a prisoner has a 'serious' need for medical treatment.")

27

need, a deliberately indifferent response to that need on the part of defendants causing harm to Plaintiff.

        2.      <u>Conditions of Confinement</u>

Plaintiff alleges he has been provided housing that is inappropriate and inadequately equipped to meet his needs in violation of his rights against cruel and unusual punishment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." <u>Wilson</u>, 501 U.S. at 303; <u>Johnson</u>, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. <u>Farmer</u>,

511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Nothing before the Court suggests how or why Plaintiff's housing has been and is inappropriate and inadequate for his needs. He fails to allege facts claiming that he has been denied "the minimal civilized measure of life's necessities." He can not then allege facts of defendants' deliberate indifference thereto.

Plaintiff has failed to allege an objectively serious deprivation and defendants' subjective deliberate indifference thereto. The Court will allow an opportunity to amend to correct the noted deficiencies. In order to state a cognizable claim, Plaintiff must set forth sufficient facts plausibly claiming the above noted elements attributable to each defendant.

### F.    First Amendment - Retaliation

Plaintiff alleges he has been transferred to facilities inappropriate to his needs in retaliation for filing inmate requests and appeals.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled he inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567-68.

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). However, prison officials may not "transfer an inmate to

another prison in retaliation for the inmate's exercise of his First Amendment rights . . . ." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt, 65 F.3d at 807. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct."[6] Id. (quoting Sorrano's Gasco, Inc., 874 F.2d 1310 at 1314.) Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements). A plaintiff must also show defendant's actions would be sufficient to chill or silence a person of ordinary firmness from future First Amendment activities (Rhodes, 408 F.3d at 568-69) (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)), and did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff's allegations are conclusory and lack the factual specificity necessary for

---

[6] Filing a grievance is protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

the Court to apply the above standards. Transfer to a facility that is inappropriate to an inmate's classification and chrono may in some circumstances constitute an adverse action. However, Plaintiff fails to allege any facts of his classification, chronos at relevant times, the reasons given for the transfer, and the timing, nature and disposition of inmate requests and appeals.

Plaintiff has failed to allege sufficient facts to satisfy all five prongs of a retaliation claim. He will be given leave to amend this claim. If he chooses to do so, he must set forth facts sufficient to plausibly claim all of the above elements attributable to each defendant.

### G.      Fourteenth Amendment - Due Process

Plaintiff alleges his due process rights were violated by denial of his prison grievance(s), custodial classification and loss of his personal property.

#### 1.      Prison Grievance

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640.

This was reiterated in <u>Ramirez v. Galarza</u>, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure. Plaintiff will not be given leave to amend this claim.

2.    <u>Classification</u>

Plaintiff alleges Mrs. Lloyd and unnamed defendants failed to properly classify and program him.[7] The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221–22 (2005). Plaintiff does not have a due process liberty interest in his classification or program. <u>Hewitt</u>, 459 U.S. 460 at 468, overruled on other grounds by <u>Sandin</u>, 515 U.S. 472; accord <u>Hernandez v. Johnson</u>, 833 F.2d 1316, 1318 (9th Cir. 1987).

Accordingly, Plaintiff fails to allege facts claiming atypical and significant hardship arising from conditions of confinement. <u>See</u> <u>Wilkinson</u>, 545 U.S. at 223-24 (finding a liberty interest in avoiding indefinite confinement in Ohio's "Supermax" facility).

Plaintiff has neither a liberty interest nor a substantive right to any particular classification or program. Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, leave to amend will not be granted.

3.    <u>Deprivation of Property</u>

Plaintiff alleges he lost property and documents during the transfer from CMC to NKSP. It is unclear whether he alleges negligent or intentional deprivation.

_____

[7] Plaintiff suggests CDCR policy was violated, but fails to identify any policy or regulation in issue.

-13-

1
2
3

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff, 418 U.S. 539 at 556. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

4
5
6
7
8
9
10

An authorized, intentional deprivation of property may be actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982)); see also Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).[8] Authorized deprivations of property are not actionable if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

11
12
13
14
15
16
17
18
19

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available". Hudson, 468 U.S. at 533. There is an adequate post-deprivation remedy under California law and therefore, an attempt to pursue a claim under federal law for the unauthorized or negligent deprivation of property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

20
21
22
23

Plaintiff's allegations are conclusory and lack the factual specificity necessary for the Court to apply the above standards.  He fails to state a claim for deprivation of property in violation of his Fourteenth Amendment rights. The Court will allow leave to

24
25
26

[8] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

27

-14-

1
2
3
4

amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming an authorized confiscation not reasonably related to a legitimate penological interest or a valid state tort claim relating to an unauthorized or negligent deprivation subject to supplemental jurisdiction.

5
6

### 4.    Medical Information Privacy

7
8

Plaintiff alleges medical staff discussed his confidential medical information with corrections staff in the presence of other inmates.

9
10
11
12

The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, Whalen v. Roe, 429 U.S. 589, 598-99 (1977), which "clearly encompasses medical information and its confidentiality . . . ." Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998).

13
14
15
16
17
18
19
20
21
22
23
24
25
26

The privacy protection afforded medical information is not absolute, and may be infringed upon a showing of proper governmental interest. Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002). The governmental interest in disclosure must advance a legitimate state interest and the government's action must be narrowly tailored to meet the legitimate interest.  Roe v. Sherry, 91 F.3d 1270, 1274 (9th Cir. 1996). In making the determination whether the governmental interest outweighs the individual's privacy interest, courts must balance the following factors: (1) the type of information, (2) the potential harm in non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.  Tucson Woman's Clinic v.  Eden, 379 F.3d 531, 551 (9th Cir. 2004).

27

-15-

1
2
3
4
5
6

Plaintiff allegations are conclusory and lack the factual specificity necessary for the Court to apply the above standards. Accordingly, Plaintiff fails to state a claim for privacy of medical information. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming the above noted elements attributable to each defendant.

7

### H.    First Amendment - Denial of Access to Courts

8
9
10
11
12
13
14
15
16
17
18

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that can not now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-415 (2002). For access to the courts claims, the plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 413-14.

19
20
21
22
23
24

Plaintiff's allegations are conclusory and fail to detail official acts frustrating litigation and foreclosing relief in a future suit necessary for the Court to conduct the above analysis. It appears his cited underlying action, E.D. Cal. Case No. 12-cv-2012, was dismissed without prejudice following his failure to prepare and file objections to Findings and Recommendations for Dismissal.

25
26
27

Plaintiff has not stated a claim for denial of access to the courts. He will be given leave to amend this claim. If he chooses to amend, he must set forth sufficient facts

plausibly claiming the above noted elements attributable to each defendant.

### I.   __Injunctive Relief__

Plaintiff seeks injunctive relief in the form a facility transfer, single cell status, interview by a Court representative, a criminal investigation, and to prevent improper medical care and retaliation.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Nothing before the Court suggests Plaintiff is under any real

-17-

1  and immediate threat of injury, or that the balancing of equities and public interest weighs
2  in his favor. The record before the Court does not justify the Court substituting its
3  judgment in these matters for that of the prison staff.

4      The various criteria not having been met, Plaintiff is not entitled to injunctive relief.
5
6  The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth
7  sufficient facts showing the above noted elements attributable to each defendant.

8      **J.    Exhaustion of Administrative Remedies**

9      Plaintiff fails to allege he has exhausted his administrative remedies for the above
10  claims through the prison appeal process.

11      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought
12
13  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a
14  prisoner confined in any jail, prison, or other correctional facility until such administrative
15  remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of
16  administrative remedies is required regardless of the relief sought by the prisoner. Booth
17  v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must
18  complete the administrative review process in accordance with the applicable rules,
19  including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford,
20
21  539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81 (2006)).

22      If Plaintiff chooses to amend, he should allege facts supporting exhaustion at each
23  level of prison appeal as to all named defendants.

24  **V.    CONCLUSION AND ORDER**

25      Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will
26  grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d
27

-18-

1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Plaintiff is cautioned to comply with Fed. R. Civ. P. 18(a) in any amended pleading.

Based on the foregoing, it is **HEREBY ORDERED** that:

-19-

The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed April 23, 2012,

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    July 27, 2012                    /s/ Michael J. Seng
                                          UNITED STATES MAGISTRATE JUDGE