1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9

DWAYNE SWEARINGTON,                    CASE NO.    1:12-CV-00958-MJS (PC)

10
                                       ORDER DISMISSING FIRST AMENDED
11                  Plaintiff,          COMPLAINT WITH LEAVE TO AMEND

12                                      (ECF NO. 14)

13          v.
                                       AMENDED COMPLAINT DUE WITHIN
14                                      THIRTY (30) DAYS

15  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION.
16

17                  Defendant.

18  _____/

19
20

**SECOND SCREENING ORDER**

21

22  **I.    PROCEDURAL HISTORY**

23          Plaintiff Dwayne Swearington is a state prisoner proceeding pro se and in forma

24  pauperis in this 42 U.S.C. § 1983 civil rights action originally filed in the United States

25
26
27

-1-

District Court for the Northern District of California[1] (ECF No. 1) and transferred to this Court. (ECF No. 4.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 8.) The Court screened the Complaint on July 27, 2012 and dismissed it, with leave to amend, for failure to state a claim. (ECF No. 9.) On September 27, 2012, Plaintiff filed a First Amended Complaint (ECF No. 14) which is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

---

[1] N.D. Cal. Case No. 12-cv-2012.

III.   **SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff augments allegations in his original Complaint and adds Defendants

relating to the following events occurring during his previous incarceration at the

California Men's Colony in San Luis Obispo, California ("CMC") and his current

incarceration at North Kern State Prison ("NKSP").

A.   **Failure to Deliver Legal Mail; Denying Access to Court**

On February 12, 2011 and March 13, 2011, Plaintiff sent legal mail "[signed] out

by [Defendant] CMC Correctional Officer Gonzales to be processed out to a

[prospective] attorney and District Judge" respectively, relating to a federal civil rights

case filed on June 23, 2006, Dwayne Swearington v. Wedell et el., E.D.Cal. Case No.

2:06-cv-01407-GEB-EFB. (First Am. Compl. at 8.) The mail was never received by these

addressees. (Id. at 8, 34.) Defendant Corrections Officer Artega returned the February

12th mail directed to the prospective attorney undelivered in October 2011. (Id. at 8, 34.)

Failure to deliver the mail resulted in dismissal of the Wedell action.[2]  (Id.) Plaintiff claims

Defendants Gonzales and Artega aided and abetted and conspired in the failure to

deliver legal mail denying Plaintiff access to court. (Id. at 9-10.)

Plaintiff met with Defendant CMC Capt. Grooves in October 2011 and complained

about the conduct of his subordinates Gonzales and Artega. (Id. at 10.) Grooves took no

action, aiding and abetting the failure to deliver legal mail and denial of access to the

courts. (Id. at 10-11.)

_____

[2] Judgment of dismissal for failure to prosecute entered May 10, 2011.

-3-

Plaintiff filed CDC Form(s) 22[3] with Defendant CMC Capt. Wisneski, mailroom supervisor, regarding the undelivered mail. (Id. at 11.) Capt. Wisneski had his subordinate, Lt. VanBeek, interview Plaintiff. (Id. at 11-12.) VanBeek engaged in retaliatory cell searches. (Id. at 11-12.)  Neither Wisneski nor VanBeek took any corrective action regarding the failure to deliver legal mail and denial of access to the courts and thereby aided and abetted this misconduct.

Plaintiff filed a Form 22 with Defendant McDanial, CMC mailroom supervisor, regarding the undelivered mail. She did not take any action regarding the failure to deliver legal mail and denial of access to the courts (Id. at 13) and thereby also aided and abetted  this misconduct.

## B.   Single Cell Status

Defendant Lloyed, CMC Correctional Counselor, refused to honor Plaintiff's medical chrono and demanded the ICC remove Plaintiff from single-cell status notwithstanding his medical condition, in disregard of policy and without approval of the ICC.[4] (Id. at 13-14.) Lloyed informed her successor, CMC Correctional Counselor Defendant Landsford, not to honor the medical chrono. (Id.)

Defendant Lansford adversely moved Plaintiff from a medical facility even though he knew policy and procedure were not followed (Id.) and with deliberate indifference to harm caused by placing Plaintiff in a violent situation. (Id. at 14.).

Defendant Risner, Correctional Counselor, conspired in retaliation with other

---

[3] "Inmate/Parolee Request for Interview, Item, or Service", which is a prelude to the prison appeal process. See CDCR Department Operations Manual, Chapter 5, Article 52.

[4] Plaintiff does not identify any such policy.

-4-

Defendants to allow Plaintiff to be transferred to NKSP and into harms way when Plaintiff should have been held at CMC until an appropriate bed became available. (Id. at 15.)

### C.   Property Deprivation

Defendant Clements, conspiring with Defendants in retaliation for the legal mail grievance, took Plaintiff's property including TV, legal documents, headphones and other items on January 23, 2012 upon his transfer to NKSP; kept this property for up to three weeks (Id.); and removed evidence of Plaintiff's ownership of the property so that he had to replace certain of items of it at NKSP. (Id.) The deprivation of legal documents interfered with Plaintiff's access to Court in the Wedell action.

### D.   Medical Indifference at NKSP

Defendant Dr. Flores, NKSP primary care physician, disregarded Plaintiff's prior medical chronos and discussed Plaintiff's unspecified confidential medical information in the presence of corrections staff, maliciously and with deliberate indifference to Plaintiff's serious medical needs. (Id. at 16.)

Defendant Dr. Shehata, NKSP primary care physician succeeding Dr. Flores, likewise refused to honor Plaintiff's medical chronos, argued with Plaintiff, made false statements in medical records and to corrections staff in retaliation for Plaintiff's "talking down on other doctors" all so  that Plaintiff would be punished by corrections staff (Id. at 17); resulting in Plaintiff refusing medical care from fear of retaliation. (Id.)

Plaintiff names as Defendants in their official and individual capacities (1) Gonzales, CMC Correctional Officer, (2) Artega, CMC Correctional Officer, (3) Grooves, CMC Correctional Captain, (4) Wisneki, CMC Correctional Captain, (5) Vanbeek, CMC

Correctional Lieutenant, (6) McDanial, CMC Mailroom Supervisor, (7) Lloyed, CMC

Correctional Couselor, (8) Lansford, CMC Correctional Counselor, (9) Risner, CMC

Correctional Counselor, (10) Clements, CMC Correctional Officer, (11) Dr. Flores, NKSP

Primary Care Physician, (12) Dr. Shehata, NKSP Primary Care Physician.[5] (Id. at 4-7.)

Plaintiff seeks monetary compensation and injunctive relief directing an end to

retaliation, return of his property, and transfer to a facility appropriate to his medical

needs. (Id. at 28-31.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

that a right secured by the Constitution or laws of the United States was violated and (2)

that the alleged violation was committed by a person acting under the color of state law.

West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

(9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct.

1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

---

[5] Plaintiff purports to name unidentified  "CDCR - Staff" at CMC and NKSP as Defendants. (First Am. Compl. at 33.) He must use "Doe" defendant designations to refer to defendants whose names are unknown. Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.   Access to Court

Plaintiff alleges staff Defendants Gonzalez, Artega, Grooves, Wisneski, VanBeek and McDaniel aided, abetted and conspired in failing to deliver his legal mail and depriving him of his legal documents denying him access to court and causing dismissal of the Wedell action.

Plaintiff has a right to litigate without interference in pursuit of legal redress for claims that have a reasonable basis in law or facts. Silva v. Di Vittorio 658 F.3d 1090, 1103 (9th Cir. 2011). Claims for denial of access to court may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that can not now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412–415 (2002). The plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 413–14.

To establish a violation of the right of access to the court, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis v. Casey, 518 U.S. 343, 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518

U.S. at 348. Plaintiff does not allege sufficient facts to enable the court to determine whether he has suffered such an actual injury and, if so, in what way.

Plaintiff also fails to link any Defendant to the failure to deliver his mail. He does not allege that a named Defendant was responsible for delivering his legal mail and failed to do so. He does not allege which Defendant(s) interfered with or obstructed delivery of his legal mail. His broad allegations that Defendants aided and abetted a federal right violation is purely conclusory, based upon mere surmise, and insufficient alone to link Defendants to a violation particularly where, as here, no such violation has properly been pled.

Plaintiff also fails to allege facts sufficient to state an access to courts claim under the above standard. He does not describe what legal document(s) were to be delivered; to whom; how non-delivery caused the dismissal of the Wedell action; or what nonfrivolous or arguable claims and remedies were so lost as to no longer be available.[6] The Court takes notice of the docket in Wedell which reflects that findings and recommendations for dismissal were issued on April 13, 2011 (well after the alleged non-delivery of legal mail); Plaintiff failed to file any objection; the findings and recommendations were adopted by the District Judge on May 10, 2011 and judgment of dismissal entered thereon.[7]

---

[6] See Christopher, 536 U.S. at 415, 417 (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued."); see also Avalos v. Baca, 596 F.3d 583, 591 n.8 (9th Cir. 2010).

[7] See Wedell et el., E.D.Cal. Case No. 2:06-cv-01407-GEB-EFB, ECF Nos. 99-101.

Plaintiff has a First Amendment right to send and receive mail. See Withdraw v. Puff, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials are not permitted to review outgoing legal mail for legal sufficiency before sending it to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). However, Plaintiff's allegation that his legal mail was not delivered, without more, suggests mere negligence. No facts describe an intentional and wrongful failure to deliver. A negligent misplacement of legal papers alone is not sufficient to show denial of access to court. Nwaokocha v. Sadowski, 369, 374-76 F.Supp.2d 362 (E.D.N.Y. 2005). Moreover, an isolated incident of mail interference or tampering usually does not support a claim under § 1983 for the violation of a constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state claim); see also Tafari v. McCarthy, 714 F.Supp.2d 317, 347 (N.D.N.Y. 2010) (one incident of interference with outgoing legal mail not sufficient to create a § 1983 claim absent showing inmate suffered actual injury, that his access to courts was chilled, or that his ability to legally represent himself was impaired).

Accordingly, for the reasons stated above, Plaintiff fails to state a claim for denial of access to court. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts, not just suspicion or surmise, to satisfy the above-noted elements and to attribute such acts to each responsible Defendant.

## C.    Retaliation

Plaintiff alleges that in retaliation for filing Wedell and related grievances, Defendants failed to deliver his legal mail and thereby denied him access to court, repeatedly searched his cell, deprived him of his property, denied him single cell status and transferred him to NKSP. He also alleges that NKSP medical staff Defendant

Shehata retaliated against him for disparaging medical staff, by making false reports against him.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and that defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt, 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id., (quoting Sorrano's Gasco, Inc., 874 F.2d at 1314.) Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements). A plaintiff must also show defendant's actions would be sufficient to chill or silence a person of ordinary firmness from future First Amendment activities, Rhodes, 408 F.3d at 568–69)

(citing <u>Mendocino Envtl. Ctr. v. Mendocino County</u>, 192 F.3d 1283, 1300 (9th Cir. 1999)), and did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985).

Accessing the court for civil rights purposes, and filing prison grievances are activities protected by the First Amendment. <u>Rizzo</u>, 778 F.2d at 532.

### 1.  Legal Mail and Access to Court

Plaintiff's allegations that Defendants Gonzalez, Artega, Grooves, Wisneski, VanBeek and McDaniel aided, abetted and conspired in retaliatory non-delivery of legal mail denying him access to court fail to allege facts sufficient to meet the above standard. Plaintiff does not allege facts of adverse action by any named Defendant. As noted, he fails to allege a predicate adverse action by any Defendant arising from failure to deliver his legal mail denying him access to court. Additionally, he fails to allege action taken because of conduct protected by the First Amendment. He alleges no facts suggesting, directly or circumstantially, that Defendants were aware of the <u>Wedell</u> action and took action because of it.

### 2.  Cell Search

Plaintiff alleges Defendant Wisneski had Defendant VanBeek repeatedly search his cell during the period he grieved the legal mail issue. This could raise an inference of retaliatory action. However, Plaintiff fails to allege facts showing that Defendants' conduct was other than reasonably in pursuit of legitimate correctional goals and applicable regulations. "To prevail on a retaliation claim, a prisoner must show that the challenged action did not reasonably advance a legitimate correctional goal." <u>Brodheim v. Cry</u>, 584

-11-

F.3d 1262, 1271 (9th Cir. 2009) (citing Rhodes, 408 F.3d at 568). Generally an inmate has no reasonable expectation of privacy to his jail cell or his possessions within it. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Wholly random searches are essential to effective security of penal institutions. Hudson 468 U.S. at 528. Nothing before the Court suggests the alleged cell searches did not advance correctional goals.

3.      Property Deprivation

Plaintiff alleges Defendant Clements, in retaliation for the legal mail grievance, deprived Plaintiff of his personal property during Plaintiff's transfer from CMC to NKSP, held it for three weeks, and removed evidence of ownership requiring Plaintiff to replace some property upon arrival at NKSP.

Plaintiff fails to allege action taken because of conduct protected by the First Amendment. He alleges no facts suggesting, directly or circumstantially, that Defendant Clements was aware of the legal mail grievancing and took the property in retaliation.

Plaintiff fails to allege facts showing that Defendant Clements' conduct was other than reasonably in pursuit of legitimate correctional goals and applicable regulations. Brodheim, 584 F.3d at 1271.

4.      Transfer to NKSP

Plaintiff alleges that Defendant Risner was aware of "the complaint" and in retaliation worked with other CMC corrections staff to move Plaintiff to NKSP and place him in harms way.

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224–25 (1976). However, prison officials may not "transfer an inmate to

1
2

another prison in retaliation for the inmate's exercise of his First Amendment rights . . . ." Pratt, 65 F.3d at 806.

3
4
5
6
7
8
9
10

Transfer to a facility that is inappropriate to an inmate's classification and chrono may in some circumstances constitute an adverse action. However, Plaintiff fails to allege his classification, chronos and the reasons given for the transfer. He fails to allege facts linking Risner to the transfer; identifying the "complaint" upon which Risner retaliated; suggesting NKSP was inappropriate and placed Plaintiff "in harms way"; and showing the absence of a penological purpose for the transfer. It appears the transfer was due to lack of an appropriate bed at CMC. (First Am. Compl. at 15.)

11
12
13
14

Plaintiff's allegations are conclusory and lack the factual specificity necessary for the Court to apply the above standards.

5.      False Records

15
16
17
18
19

Plaintiff alleges that Defendant Dr. Shehata made false statements in medical records and to corrections staff in retaliation for Plaintiff's unspecified oral statements disparaging prison medical staff, resulting in punishment by corrections staff, a forced apology to medical staff, and causing him to refuse medical care from fear of further retaliation.

20
21
22
23
24
25
26
27

Plaintiff fails to allege facts sufficient to suggest constitutionally protected speech. It is not clear that Plaintiff's oral complaints were about prison conditions, related to matters of public concern and designed to effect a change in prison policy so as to be protected by the First Amendment. Pearson v. Welborn, 471 F.3d 732, 740-41 (7th Cir. 2006). Generalized personal gripes typically do not warrant First Amendment protection. Id.

1
2
3
4

Accordingly, Plaintiff fails to allege sufficient facts to satisfy all five prongs of a retaliation claim. He will be given leave to amend this claim. If he chooses to do so, he must set forth facts sufficient to plausibly claim all of the above elements attributable to each Defendant.

5
6
7

**D.      Deliberate Indifference**

1.      Single Cell Status

8
9

Plaintiff alleges Defendants Lloyed and Lansford were deliberately indifferent to his need for medical single cell status.

10
11
12
13
14
15
16

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

17
18
19
20
21
22
23
24

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

25
26
27

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at

303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Plaintiff does not allege facts sufficient to enable the Court to find the above standards met. Nothing before the Court suggests the circumstances, nature and duration of Plaintiff's housing and why single cell status should be necessary. He alleges no chrono or doctor's order suggesting he was improperly denied medical single cell status.

He fails to allege facts claiming that he has been denied "the minimal civilized measure of life's necessities." He thus of course can not then allege facts of Defendants' deliberate indifference thereto.

Plaintiff has failed to allege an objectively serious deprivation and Defendants' subjective deliberate indifference. The Court will allow an opportunity to amend to correct the noted deficiencies. In order to state a cognizable claim, Plaintiff must set forth sufficient facts claiming the above noted elements attributable to each Defendant.

2.     Medical Indifference

Plaintiff alleges Defendants Drs. Flores and Shehata disregarded his prior medical chronos and discussed his unspecified confidential medical information in the presence of corrections staff, maliciously and with deliberate indifference to his serious medical needs, and that Dr. Shehata made false statements in his medical reports.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (citing <u>McGuckin</u>, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer</u>, 511 U.S. at 837.

16
17
18

Here Plaintiff fails to allege facts suggesting a serious medical condition[8] and Defendants' deliberate indifference thereto sufficient under the above standards. Absent a predicate serious medical condition he cannot claim deliberate indifference.

19
20
21
22
23

Plaintiff fails to allege facts claiming any deliberate denial, delay, or interference in addressing his medical needs resulting in harm. The Court will give him an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth sufficient facts claiming in addition to a demonstrated serious medical need, a

24
25
26
27

---

[8] <u>See McGuckin</u>, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

1
2
deliberately indifferent response to that need on the part of Defendants causing harm to Plaintiff.

3
### E.    **Due Process**

4
1.    <u>Deprivation of Property</u>

5
6
7
Plaintiff alleges an unauthorized intentional deprivation of his property during the transfer from CMC to NKSP.[9]

8
9
10
11
The Due Process Clause protects prisoners from being deprived of property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).

12
13
14
15
16
17
18
19
20
21
Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available". <u>Hudson</u>, 468 U.S. at 533. There is an adequate post-deprivation remedy under California law and therefore, an attempt to pursue a claim under federal law for the unauthorized or negligent deprivation of property fails as a matter of law. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

22
Plaintiff fails to state a claim for deprivation of property in violation of his

23

24
25
26
[9] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 436 (1982); <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985); <u>see also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987).

27

Fourteenth Amendment rights. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming an authorized confiscation not reasonably related to a legitimate penological interest or a valid state tort claim relating to an unauthorized or negligent deprivation subject to supplemental jurisdiction.

### 2.   Medical Information Privacy

Plaintiff alleges Defendant Shehata discussed his unspecified confidential medical information with corrections staff in the presence of other inmates.

The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, Whalen v. Roe, 429 U.S. 589, 598-99 (1977), which "clearly encompasses medical information and its confidentiality . . . ." Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998).

The privacy protection afforded medical information is not absolute, and may be infringed upon a showing of proper governmental interest. Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002). The governmental interest in disclosure must advance a legitimate state interest and the government's action must be narrowly tailored to meet the legitimate interest.  Roe v. Sherry, 91 F.3d 1270, 1274 (9th Cir. 1996). In making the determination whether the governmental interest outweighs the individual's privacy interest, courts must balance the following factors: (1) the type of information, (2) the potential harm in non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. Tucson Woman's Clinic v.  Eden, 379 F.3d 531, 551 (9th Cir. 2004).

Plaintiff allegations are conclusory and lack the factual specificity necessary for the Court to apply the above standards. Plaintiff fails to state a claim for privacy of medical information. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts claiming the above noted elements attributable to each Defendant.

### F.   **Conspiracy**

Plaintiff alleges that Defendants conspired in the alleged federal rights violations.

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos, 596 F.3d at 592; Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 151–52 (2nd Cir. 1987).

Plaintiff's allegation of a conspiracy are conclusory, premised in conjecture and surmise. He alleges neither an agreement nor facts implying an agreement. More significantly, for the reasons stated above he fails to allege any predicate violation of his federal rights by these Defendants.

Plaintiff fails to state a conspiracy claim cognizable under § 1983. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing all of the above noted elements attributable to each of the Defendants.

### G.    Injunctive Relief

Plaintiff seeks injunctive relief directing an end to retaliation, return of his property, and transfer to a facility appropriate to his medical needs.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Here Plaintiff fails to allege facts suggesting he is likely to succeed on the merits. He fails to state any cognizable constitutional violation for the reasons stated above.

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.")

Plaintiff is no longer incarcerated at CMC. As to the CMC Defendants, Gonzales, Artega, Grooves, Wisneki, Vanbeek, McDaniel, Lloyed, Lansford, Risner, and Clements,

injunctive relief is moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402-03 (1975); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991); <u>see also</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review.'" <u>Preiser</u>, 422 U.S. 395 at 403, quoting <u>Southern Pacific Terminal Co. v. ICC</u>, 219 U.S. 498, 515 (1911).

Plaintiff's allegations do not support an entitlement to injunctive relief. The Court will allow leave to amend only as to the NKSP Defendants, Flores and Shehata. If Plaintiff chooses to amend, he must set forth sufficient facts claiming the above noted elements attributable to each such NKSP Defendant.

### H. <u>Exhaustion of Administrative Remedies</u>

Plaintiff fails to allege he has exhausted his administrative remedies for the above claims through the prison appeal process. (First Am. Compl. at 33.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." <u>Ngo v. Woodford</u>, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006)).

If Plaintiff chooses to amend, he should allege facts supporting exhaustion at each

1  level of prison appeal as to all named Defendants.

2  **V.  CONCLUSION AND ORDER**

3  Plaintiff's First Amended Complaint does not state a claim for relief under § 1983.

4  The Court will grant Plaintiff **one final** an opportunity to file an amended complaint. Lopez

5
6  v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49

7  (9th Cir. 1987).

8  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

9  deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth

10 "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949

11 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named

12
13 defendant personally participated in a deprivation of his rights. Jones v. Williams, 297

14 F.3d 930, 934 (9th Cir. 2002).

15 Plaintiff should note that although he has been given the opportunity to amend, it

16 is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

17 Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

18 curing the deficiencies set forth above.

19 Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

20
21 be complete in itself without reference to any prior pleading. As a general rule, an

22 amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

23 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

24 serves any function in the case. Therefore, in an amended complaint, as in an original

25 complaint, each claim and the involvement of each defendant must be sufficiently

26 alleged. The amended complaint should be clearly and boldly titled "Second Amended

27

-22-

Complaint", refer to the appropriate case number, and be an original signed under

penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint

form and (2) a copy of his First Amended Complaint filed September 27, 2012,

Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon

which relief may be granted,

Plaintiff shall file an amended complaint within thirty (30) days from service of this

order, and

If Plaintiff fails to file an amended complaint in compliance with this order, this

action shall be dismissed, with prejudice, for failure to state a claim and failure to

prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva,

658 F.3d at 1090.

IT IS SO ORDERED.

Dated:   October 23, 2012          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

-23-