UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE SWEARINGTON, | CASE No. 1:12-cv-00958-MJS (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF |
| v. | (ECF Nos. 13) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

## I. PROCEDURAL HISTORY

Plaintiff Dwayne Swearington is a state prisoner proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 civil rights action originally filed on April 23, 2012 in the United States District Court for the Northern District of California (Letter Compl., ECF No. 1) and transferred to this Court. (Order Transfer, ECF No. 4.) Plaintiff has consented to Magistrate Judge jurisdiction. (Consent Jurisdiction, ECF No. 8.)

The Court screened the Complaint on July 27, 2012 and dismissed it for failure to state a claim but gave leave to file an amended complaint. (Order Dismiss. Compl., ECF No. 9.) Plaintiff filed a First Amended Complaint on September 27, 2012. (First Am. Compl., ECF No. 14.) The Court also screened and dismissed the First Amended Complaint for failure to state a claim and again gave leave to amend. (Order Dismiss. First Am. Compl., ECF No. 15.) Plaintiff has not yet filed a second amended complaint.

Pending before the Court is Plaintiff's "Emergency Injunctive Motion For Relief, For and Against Continuous Obstruction By CMC, and NKSP Appeal's Offices Conspiring to Deny Access To The Court." (Motion for Emergency Injunction, ECF No. 13.)

Plaintiff seeks injunctive relief against the appeals coordinator offices at California Men's Colony-East ("CMC") and North Kern State Prison ("NKSP") and asks that the Court "allow [the prison appeal documents included as exhibits to the Motion] to be submitted so that the court can take action on the injunctive relief and stop the acts and actions of CMC, and NKSP State Prison's obstruction" (Mot. Emerg. Inj. at 3:16-18.)  He also asks for an order that he be moved to a medical prison so he can receive appropriate medical attention. Id. at 3:19-21.

Defendants have not filed any opposition. The time for doing so has passed. Local Rule 230. Plaintiff's Motion for Emergency Injunction is now before the Court.

## II.     LEGAL STANDARD

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), (quoting Winter, 555 U.S. at 20.) An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

## III.  ARGUMENT

Plaintiff contends unidentified staff in the appeals coordinator offices and mailrooms at CMC and NKSP interact and conspire to improperly handle and remove legal documents from his unspecified CDC Forms 22 and 602,[1] staff complaints,[2] and from his cell, preventing Plaintiff from appropriately and timely exhausting his administrative remedies, (Motion for Emergency Injunction at 1:25-2:4), preventing his

---

[1] CDC Form 22 is an Inmate Request for Interview, Item or Service. Cal. Code Regs. tit. 15 § 3086; CDC Departmental Operations Manual § 54090.4. CDC Form 602 is the Inmate Appeal. Cal. Code Regs. tit. 15 § 3084.2; CDC Department Operations Manual § 54100.6.

[2] The Court takes notice that a staff complaint filed by an inmate is processed as an appeal. Cal. Code Regs. tit 15 § 3084.9(I).

-3-

access to the court in unspecified proceedings (Id. at 2:8), and placing him in fear of physical confrontation in the near future. (Id. at 2:20-22.)

Plaintiff also contends the NKSP law library does not have a law librarian for A-Quad and is shut down, and that Plaintiff will have to move because it will be difficult to submit unspecified legal documents to the court. (Id. at 2:24-27.)

Plaintiff includes with his Motion various prison appeal documents he asks the Court to accept so Defendants do not destroy or misplace them. (Id. at 3:1-8, 15-18.)

## IV. ANALYSIS

Plaintiff has failed to satisfy the legal prerequisites for injunctive relief.

### A. No Likelihood of Success on the Merits

Plaintiff has failed at this early stage of the litigation to allege facts demonstrating a likelihood of success on the merits. His underlying pleadings have been dismissed for failure to state a claim. (Orders Dismiss. Compl. and First Am. Compl., ECF Nos. 9, 15.) He has yet to plead a cognizable federal claim.

He similarly fails to demonstrate any likelihood of success on allegations lodged in the instant Motion claiming conspiracy among unidentified CMC and NKSP appeals coordinator offices and mailroom staff to improperly handle his prison appeal documents.

The Prison Litigation Reform Act ("PLRA") requirement of exhaustion through the prison appeal process[3] does not impose a pleading requirement, but rather is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007); Wyatt v. Terhune, 315

---

[3] See 42 U.S.C. § 1997e(a)

F.3d 1108, 1119 (9th Cir. 2003). Exhaustion is not a jurisdictional requirement for bringing an action. See Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999) (overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001).) Plaintiff has no independently enforceable federal right to the grievance process.

Prison staff actions in responding to Plaintiff's prison appeals and staff complaints alone can not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez, 334 F.3d at 860, when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.

Plaintiff fails to specify the individuals against whom he seeks injunctive relief and the specific relief desired. Generalized injunctive relief against unidentified CDC staff is not permissible. The PLRA states that:

> [T]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct

the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Similar requirements apply with respect to temporary restraining orders and preliminary injunctive relief. See 18 U.S.C. § 3626(a)(2).

Plaintiff's request for injunctive relief against staff at CMC is moot. Plaintiff is no longer incarcerated at CMC, and there appears no expectation that Plaintiff will be returned to their custody.[4] Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review'". Preiser, 422 U.S. 395 at 403 (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911).)

Plaintiff's request for a transfer to a medical facility is unsupported by facts or allegations. Moreover, inmates do not have a constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

Plaintiff's allegation that he has been denied access to courts, both as it relates to legal mail and to unavailability of the prison law library is conclusory, speculative, and unsupported by any fact. Plaintiff's Motion fails to allege any "nonfrivolous or arguable" underlying claim(s), official acts frustrating the claim(s), and a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Christopher

---

[4] It does not appear Plaintiff seeks relief as to any prison grievance pending with CMC.

v. Harbury, 536 U.S. 403, 413–414 (2002). Additionally, he fails to establish that he has suffered "actual prejudice with respect to any contemplated or existing litigation. Lewis v. Casey, 518 U.S. 343, 349 (9th Cir. 1996). Likewise Plaintiff underlying pleadings fail to state any cognizable access to courts claim.

Plaintiff's request for relief for potential future physical confrontation is conclusory and speculative, unsupported by any fact or cognizable claim in this matter. Nothing in the instant Motion or underlying pleadings suggests the risk of violence.

Plaintiff's allegation of conspiracy is similarly based solely upon speculation and surmise. To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir.  2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Nothing contained in Plaintiff's Motion suggests such an agreement. Nor has Plaintiff demonstrated any likelihood of a predicate federal rights violation.

## B.    No Irreparable Harm

Plaintiff has failed to demonstrate irreparable harm. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") He alleges no facts suggesting harm arising from CMC and NKSP appeals coordinator office and mailroom staff improperly handling his prison appeal documentation. The instant Motion does not cite to any claim or litigation that is imperiled and suggest a risk arising therefrom. His underlying pleadings likewise have

failed to allege any such risk of harm. He does not suggest any form of relief that has been requested and denied, or is otherwise unavailable due to conduct of prison staff.

The responses by prison staff to certain of Plaintiff's appeals suggest Plaintiff may have abused the prison appeal process (Compl. at 20-21, 29-30) including serial filing of previously rejected appeals. (Id. at 64-65.)

### C. Balance of Equities and Public Interest Not in Plaintiff's Favor

The absence of a showing of likelihood of success on the merits, and of irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor, or suggest that an injunction would be in the public interest.

In any event, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

Plaintiff's allegations do not support an entitlement to injunctive relief.

### D. Court is not a Repository for Evidence

Plaintiff may not presently deposit evidence into Court. "The court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.) The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court)." First Informational Order, ECF No. 6, 4 at ¶ 6.

The Court notes that Plaintiff has been granted leave to file a second amended complaint. (Order Dismiss. First Am. Compl., ECF No. 15.) He may include therein all claims and relief sought against named Defendants along with desired exhibits, consistent with October 23, 2012 screening order.

## V. CONCLUSION AND ORDER

Plaintiff fails to provide facts which would enable the Court to find that he is in need of and entitled to injunctive relief.

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion For Emergency Injunction, (ECF No. 13), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  October 31, 2012        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE