# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE SWEARINGTON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | Case No. 1:12-cv-00958-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 19)**<br><br>**DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 USC § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Complaint and First Amended Complaint were dismissed for failure to state a claim. Before the Court for screening is Plaintiff's Second Amended Complaint.[1]

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

---

[1] The Second Amended Complaint includes a form pleading captioned "Notice of [Third] Amended Complaint" which is analyzed as part of the Second Amended Complaint.

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true,

legal conclusions are not. *Id.* at 667-68.

### III.  PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arose during previous incarcerations at the California Men's Colony ("CMC") and North Kern State Prison ("NKSP").

<u>Defendants</u>:

The Defendants are (1) the California Department of Corrections and Rehabilitation ("CDCR"), (2) Gonzalez, CMC Correctional Officer, (3) Artega, CMC Correctional Officer, (4) Grooves, CMC Correctional Captain, (5) Wisneski, CMC Correctional Captain - Mailroom Supervisor, (6) Van Beck, CMC Correctional Lieutenant, (7) McDaniel, CMC Mailroom Supervisor, (8) Lloyed, CMC Correctional Counselor, (9) Lansford, CMC Correctional Counselor, (10) Risner, CMC Correctional Counselor, (11) Clements, CMC Correctional Officer – R&R Property, (12) Flores, NKSP Prison Medical Doctor, (13) Shehata, NKSP Prison Medical Doctor.

<u>CMC Allegations</u>:

Defendant Gonzalez signed out Plaintiff's legal mail (a letter addressed to the district court and one to a private attorney). The mail was intentionally held in the prison mail room for nine months and then returned to Plaintiff by Defendant Artega. The mail had not been entered in the mail log, and it had been opened.

Gonzalez did not know what happened to the mail and refused to investigate. Defendant Van Beek covered up for Artega. Plaintiff spoke to Defendant Grooves, who refused to accept responsibility or investigate.

Plaintiff sent Defendant Wisneski a pre-grievance (CDCR Form 22) request for information. Wisneski ignored CDCR procedures and retaliated by sending Van Beek to search Plaintiff's cell.

Defendant McDaniel, ignoring CDCR policy, refused to discuss the mail with Plaintiff.

The failure to deliver the letter addressed to the court resulted in dismissal of Plaintiff's district court action.

3

Defendants Lloyed, Lansford and Risner were aware Plaintiff's mail had not been delivered and of his threat to file a grievance. They retaliated by transferring him to NKSP. They knew his CMC single cell medical chono would not be honored at NKSP.

Defendant Clements deprived Plaintiff of personal and legal property upon transfer to NKSP.

NKSP Allegations:

Defendant Flores, Plaintiff's initial Primary Care Physician ("PCP") at NKSP, refused to honor prior medical and accommodation chronos. Flores also discussed Plaintiff's personal medical information in the presence of custody staff.

Defendant Shehata, Plaintiff's subsequent PCP at NKSP retaliated for Plaintiff's disrespectful remarks about Flores by refusing to honor prior chronos, falsifying medical records and giving Plaintiff improper medication.

Relief:

Plaintiff claims Defendants conspired in the above rights violations, and he seeks monetary damages, replacement of his lost and destroyed property, and an order that retaliation at CMC and NKSP end and he be moved to a medical facility that can accommodate his needs.

**IV.    DISCUSSION**

**A.    Eleventh Amendment Immunity**

The Eleventh Amendment "erects a general bar against federal lawsuits brought against a state." *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010), quoting *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

The CDCR, a state agency, is entitled to Eleventh Amendment immunity in this action.

**B.    Supervisor Liability**

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the individual actions of the

defendants and the alleged violation. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff does not connect or "link" supervisory Defendants Wisneski and McDaniel to the alleged rights violations. He claims he sent requests for information to these Defendants, but alleges no facts to suggest either actually received or was even aware of such requests. Plaintiff does not attribute to these Defendants any personal action or failure to act that violated his rights.

### C. Interference with Mail

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, there must be a "delicate balance" between prisoners' First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison. *Thornburgh v. Abbott*, 490 U.S. 401, 407-408 (1989).

Additionally, the Due Process Clause of the Fourteenth Amendment prohibits the United States from depriving any person of life, liberty, or property without "due process of law." *Dusenbery v. U.S.*, 534 U.S. 161, citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). "[W]ithhold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards." *Procunier v. Martinez,* 416 U.S. 396, 417-18 (1974). The "minimum procedural safeguards" are: (1) notifying the inmate that the mail was seized; (2) allowing the inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail. *Procunier*, 416 U.S. at 418-19; *Krug v. Lutz*, 329 F.3d 692, 698 (9th Cir. 2003).

Plaintiff's allegations do not link any named Defendant to interference with or seizure of his outgoing mail. He does not include factual allegations attributing any specifically wrongful act relating to his mail to any specific individual. Other than noting it was not delivered, he does not allege what happened to his mail, who handled it, how and why it was delayed, whether any institutional policy or practice was implicated,

5

1  whether he filed a grievance and if so the results of the grievance process. The
2  allegations suggest nothing more than negligence by parties unknown.
3      Plaintiff's mail interference claim fails.

4  **D.    Access to Courts**

5      Inmates have a fundamental right of access to the courts for habeas and civil
6  rights actions, *Lewis v. Casey*, 518 U.S. 343, 346-54 (1996), and to litigate without
7  interference claims that have a reasonable basis. *Silva v. Di Vittorio*, 658 F.3d 1090,
8  1103 (9th Cir. 2011).
9      An inmate claiming denial of access to courts must show: 1) actual injury from
10 the loss of a nonfrivolous or arguable underlying claim; 2) the official acts frustrating the
11 litigation; and 3) a remedy that may be awarded as recompense but that is not
12 otherwise available in a future suit. See *Christopher v. Harbury*, 536 U.S. 403, 412-15
13 (2002). The complaint should state the underlying claim in accordance with Federal
14 Rule of Civil Procedure 8(a). *Id.*, at 417-18.
15     Plaintiff alleges his federal action was dismissed for failure to prosecute because
16 his pretrial statement was held in the CMC mailroom beyond the court's filing deadline.
17 Plaintiff's prior pleading identified that action as *Dwayne Swearington v. Wedell et al.*,
18 E.D. Cal. Case No. 2:06-cv-01407-GEB-EFB which, its docket reveals, was in fact
19 dismissed because of Plaintiff's failure to timely file a pretrial statement. This suggests
20 actual injury as a result of the mail delay. However, as noted, Plaintiff has not linked the
21 delay to any wrongful act or failure to act on the part of any named Defendant. A merely
22 negligent handling of mail is insufficient to show denial of access to court. *Nwaokocha v.*
23 *Sadowski*, 369 F.Supp.2d 362, 374-76 (E.D.N.Y. 2005).
24     The alleged non-delivery of a letter seeking assistance from a private attorney
25 does not demonstrate actual harm and a remedy lost.
26     The access to courts claim fails.

27 **E.    Retaliation**

28     This claim requires: (1) an assertion that a state actor took some adverse action

6

1 against an inmate (2) because of (3) that inmate's protected conduct, and that such
2 action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action
3 did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408
4 F.3d 559, 567-68 (9th Cir. 2005).

5 Plaintiff's CMC allegations do not demonstrate the cell search, transfer to NKSP,
6 and property deprivation resulted from his engaging in protected conduct. The alleged
7 protected conduct was the pre-grievance request to Defendant Wisneski, but Plaintiff
8 does not allege that any other Defendants were aware of it or that their alleged actions
9 were substantially motivated by anything other than legitimate correctional goals and
10 regulations. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009), citing *Rhodes*, 408
11 F.3d at 568); see also *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.
12 1989) (a plaintiff must show that his protected conduct was a "'substantial' or
13 'motivating' factor behind the defendant's conduct).

14 Plaintiff's NKSP allegations similarly fail. His unspecified remarks to Dr. Shehata
15 are not protected conduct. Cf., *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir.
16 2006) (complaint about prison conditions related to matters of public concern and
17 designed to effect a change in prison policy and petition the court protected by the First
18 Amendment). Even if he had shown protected conduct, his allegation that Dr. Shehata
19 was substantially motivated to and did retaliate is factually unsupported.

20 The retaliation claim fails.

21 **F.    Indifference and False Medical Records**

22 A claim of medical indifference requires (1) a serious medical need, and (2) a
23 deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th
24 Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act
25 or failure to respond to a prisoner's pain or possible medical need and (b) harm caused
26 by the indifference. *Id.*

27 Mere indifference, negligence, or medical malpractice is not sufficient to support
28 the claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980), citing *Estelle v.*

*Gamble*, 429 U.S. 97, 105-06 (1976).

Plaintiff's allegations do not demonstrate that NKSP Drs. Flores and Shehata failed to respond to his serious medical needs or knowingly acted in a medically unacceptable manner. *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). He complains of chronic conditions, but provides no additional information about them upon which the court might determine if they actually reflect a serious medical need. *Jett*, 439 F.3d at 1096; see also *Scarver v. Litscher*, 371 F.Supp.2d 986, 999 (W.D. Wis. 2005), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) ("serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment).

Plaintiff disagrees with decisions regarding medical and accommodation chronos. He claims falsification of medical records. However, he offers no facts to suggest that such actions were the result of anything other than the exercise of professional judgment or that that judgment was medically unacceptable. He does not state why and how his medical records were false.

He does not have an independent (due process) right to an accurate prison record, *Hernandez v. Johnston,* 833 F.2d 1316, 1319 (9th Cir. 1987), and has not demonstrated false medical records caused atypical and significant hardship. *Sandin v. Conner,* 515 U.S. 472, 481-84 (1995).

Plaintiff's conclusion he was given improper medication is unaccompanied by any factual allegations that would suggest he was harmed as a result. His bare conclusion or belief that it did harm him is not sufficient to state a claim.

Even if Drs. Flores and Shehata failed to properly treat him in accordance with the medical standard of care, he alleges nothing more than medical negligence which is not a federal rights violation. See *Broughton*, 622 F.2d at 460, citing *Estelle*, 429 U.S. at 105-06 (1976) (mere indifference, negligence, or medical malpractice will not support

this cause of action).

**G.   Property Deprivation**

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984), citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982),[2] neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available". *Hudson*, 468 U.S. at 533.

Plaintiff alleges an unauthorized intentional property deprivation. He has an adequate post-deprivation remedy under California law and therefore, his attempt to pursue a claim under federal law for the loss of his property fails as a matter of law. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) 31 F.3d at 816-17, citing Cal. Gov 't Code §§ 810-895.

**H.   Medical Privacy**

The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, *Whalen v. Roe*, 429 U.S. 589, 598-99 (1977), which "clearly encompasses medical information and its confidentiality . . . ." *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998).

The privacy protection afforded medical information is not absolute, and may be infringed upon a showing of proper governmental interest. *Planned Parenthood of Southern Arizona v. Lawall*, 307 F.3d 783, 790 (9th Cir. 2002). The governmental interest in disclosure must advance a legitimate state interest and the government's action must be narrowly tailored to meet the legitimate interest. *Roe v. Sherry*, 91 F.3d

---

[2] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir.1985); see also *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Plaintiff has not alleged, and the facts do not demonstrate, an authorized deprivation.

1270, 1274 (9th Cir. 1996). In making the determination whether the governmental interest outweighs the individual's privacy interest, courts must balance the following factors: (1) the type of information, (2) the potential harm in non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004).

Plaintiff's allegation that Defendant Flores improperly discussed his unspecified "personal medical information" with corrections staff is conclusory. He does not state the type of information disclosed, why staff was present and should not have been, whether there was any reason or need for Dr. Flores to discuss the information with staff, and how he was harmed.

This claim for privacy fails.

**I.    Conspiracy**

This claim requires the existence of an agreement or a meeting of the minds to violate plaintiff's constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff alleges no facts suggesting an agreement or common objective among Defendants to violate his rights. See *Zemsky v. City of New York*, 821 F.2d 148, 151 (2nd Cir. 1987) (a pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss); *Franklin*, 312 F.3d at 441, quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir.1989) ("To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.").

Even if Plaintiff had shown such an agreement, there is no rights violation for the reasons stated.

1  This claim fails.

2  **J.  Title 15 and DOM**

3  An inmate does not have an independent claim under § 1983 for violation of
4  prison regulations ("Title 15") or CDCR operating procedures (Department Operational
5  Manual or "DOM"). See *Chappell v. Perrez*, 2011 WL 2296816, *2 (E.D. Cal. June 8,
6  2011); *Lamon v. Cate*, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011); *Vasquez v.
7  Tate*, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012).

8  Plaintiff's allegations that Defendants did not comply with such requirements
9  regarding his outgoing mail are not a basis for a § 1983 action.

10  This claim fails.

11  **K.  Injunctive Relief**

12  Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,
13  never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22
14  (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of
15  success on the merits and the possibility of irreparable injury, or (2) the existence of
16  serious questions going to the merits and the balance of hardships tipping in [the
17  moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*,
18  762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula
19  International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*,
20  461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

21  Plaintiff cannot seek injunctive relief where there is no underlying federal claim.
22  *City of Los Angeles*, 461 U.S. at 101-02 (plaintiff must show a "case or controversy" and
23  "real and immediate" threat of injury). Plaintiff's pleading does not state any cognizable
24  claim against named Defendants for the reasons stated.

25  Even if Plaintiff had stated a cognizable claim, an allegation of "past exposure to
26  illegal conduct does not in itself show a present case or controversy regarding injunctive
27  relief . . . if unaccompanied by any continuing, present, adverse effects." See *Id.* Plaintiff
28  is no longer housed at either CMC or NKSP. (ECF No. 22.) He does not allege facts

suggesting any ongoing threat of harm and relative hardship.

This claim fails.

## V.   CONCLUSIONS AND ORDER

Plaintiff's Second Amended Complaint does not state a claim upon which relief may be granted. Plaintiff was advised in the prior screening order of the deficiencies in his claims and what would be necessary to correct them, and he was given the opportunity to correct them, and yet he did not do so. No useful purpose would be served in again instructing on these same deficiencies and allowing yet another opportunity to correct them.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint (ECF No. 19) is DISMISSED for failure to state a claim, further amendment would be futile and is denied,
2. The action is DISMISSED WITH PREJUDICE for failure to state a claim, dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); *Silva v. Di Vittoria*, 658 F.3d at 1009, 1098 (9th Cir. 2011), and
3. Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   April 26, 2014                                    /s/ *Michael J. Seng*
                                                                    UNITED STATES MAGISTRATE JUDGE